**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**RECO MANNING** **PLAINTIFF**

**v.** **No: 4:26-cv-00587-JM-PSH**

**DOES** **DEFENDANTS**

**ORDER**

Reco Manning, a detainee at the W.C. Brassell Adult Detention Center, filed a letter on June 10, 2026, which was docketed as a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Manning has been granted leave to proceed *in forma pauperis* (Doc. No. 4) and filed an amended complaint (Doc. No. 5) and two additional notices (Doc. Nos. 6-7).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

Manning raises numerous seemingly unrelated claims against numerous defendants. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff

must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[1]

Manning will be afforded the opportunity to narrow and clarify his claims by filing a ***complete*** second amended complaint within 30 days. The Clerk of Court is directed to send Manning a blank § 1983 form. Manning is directed to follow the instructions on the § 1983 form while writing his complaint.[2] The Court will not piece together his claims from varied notices. In a second amended complaint, Manning must describe only one factually related incident or issue if he sues more than one defendant. He should also describe the involvement of ***each*** named defendant in the alleged violations of his rights.[3]

---

[1] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).

[2] Federal Rule of Civil Procedure 8(a) and (e) specify that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments set forth therein must be "simple, concise, and direct." The Eighth Circuit has consistently held that prisoner complaints that fail to conform to the requirements of Rule 8 may be dismissed. *See Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing Rule 8 and affirming dismissal of *pro se* lengthy complaint that contained numerous "unrelated or overlapping" claims and other documents and numerous exhibits).

[3] A defendant may not be held liable under § 1983 unless he or she was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations

Manning is cautioned that an amended complaint will render his prior complaint and addendum without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). In the event Manning fails to file an amended complaint conforming to this order within thirty days, some or all of his claims may be dismissed.

IT IS SO ORDERED this 5th day of August, 2026.

UNITED STATES MAGISTRATE JUDGE

---

and citations omitted). Additionally, the law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).